# SUPREME JUDICIAL COURT

FOR THE COUNTY OF

# WASHINGTON.

### JUNE TERM

### 1821.

---

### GRAY v. WASS.

The authority of an attorney who has obtained a judgment for his client, continues in force until such judgment is satisfied.

And if the execution is extended on land, the judgment is not satisfied till the debtor's right of redemption is gone : And therefore payment of the money to the attorney, within a year after the extent, is a good bar to a writ of entry afterwards brought by the creditor against the debtor, for the land.

THIS was a writ of entry, in which the demandant counted on his own seisin, and a disseisin by the tenant.

The land was formerly the estate of one *Bucknam ;* but the demandant, having recovered judgment in a personal action against *Bucknam, Nash* and *Wass,* extended his execution with the legal formalities on the demanded premises, and caused the extent to be recorded according to the statute. Afterwards, and within the year after the extent, *Wass & Nash,* in order to redeem the land, paid the amount of the execution to one *Goodhue,* the attorney who had prosecuted the suit, and obtained the judgment in the demandant's action against *Wass & others,* and who had received livery of seisin of the land extended upon, in behalf of *Mr. Gray.* But it did not appear that the attorney had any other authority than that under which he originally acted in the prosecution of the suit; nor that he had ever paid over the money to the creditor, *Mr. Gray.*

Upon these facts appearing in evidence, a verdict was taken for the demandant, by consent; subject to the opinion of the

Court upon the question whether the land was redeemed by such payment.

The Court having taken time for advisement, their opinion was at this term delivered as follows by

MELLEN C. J. In the argument of this cause several points were made by the counsel: but only *two* of them seem to require a particular consideration.

1. Was *Goodhue*, at the time of receiving the appraised value of the demanded premises, &c. the attorney of the demandant, and *as such* authorized to receive it ?—and if so, then

2. Did such payment of said value to said *Goodhue*, and his receipt of the same, divest the demandant of all the title to the premises which he acquired by the extent, without any release from him to the original owner, in the manner prescribed in the act of 1783. *ch.* 57.

It was urged by the demandant's counsel that no one was authorized to redeem the premises but *Bucknam* or his representatives or assigns; and that therefore payment of the appraised value by *Wass* and *Nash* was wholly unavailing for the purpose of redemption. It is not necessary to inquire how far this position is correct, because the money was received and accepted by *Goodhue* in satisfaction of the appraised value of the premises demanded : and whether he was *bound* to receive it or not is immaterial.—He *did* receive it; and if, as *Gray's* attorney, he then had *a right* so to receive it, *Gray* is not permitted to make this objection. We must then inquire whether *Goodhue*, at the time of his receiving the money, was authorized to receive it as the attorney of *Gray*. It appears by the report that he was the person who instituted and prosecuted the suit, obtained judgment, and received seisin and possession of the demanded premises on which the execution was extended. Even if this *latter* fact were not expressly stated, still, the commencement and pursuit of this action, in which the demandant founds his claim upon the extent of the execution on the premises, is a ratification of *such* act of *Goodhue*. It is evident that the object of *Gray* in placing his demand in the hands of *Goodhue* was the collection of it; and of course he must be considered as having delegated to his attorney the power necessary to effect his in-

Gray *v.* Wass.

tention : and whatever power was thus delegated, remained un-revoked by any special act on the part of *Gray*, until the receipt of the money of *Wass* and *Nash*.

It is admitted by the demandant's counsel that the power of an attorney continues until he has collected the debt which was committed to him for collection. But it is contended by him that in the present case the judgment which had been recover-ed through the agency of *Goodhue* was satisfied by the extent; that in this manner the amount of the original debt was then collected ; that the demandant could not have maintained an action of debt on the judgment, because the defendant would have pleaded the extent in bar, as a payment and satisfaction of such judgment. To this argument it may be replied that the extent of an execution on real estate is not always a satisfaction, either *absolute* or *conditional ;* as in those cases where the estate on which the extent has been made is afterwards found not to have been the property of the debtor at the time of the extent. But even in other cases, where no such difficulty exists, the ex-tent of the execution on *real* estate is not an *absolute* satisfaction of the judgment by such estate ; because the creditor's *title* in such estate is not absolute : and until after the expiration of a year next following the extent, during which time the right of redemption exists, it is uncertain whether the judgment will be satisfied by *real* or *personal* estate.——If the estate be *not redeemed* within the year, the title to it becomes *absolute* in the creditor ; the judgment is then satisfied by *real* estate, and the attorney's power is at an end. If the estate *be redeemed* within the year, then the judgment is satisfied *in money.*——If then the power of an attorney continues till the original debt is collected, by satis-faction of the judgment or otherwise, why should it not be con-sidered as legally continuing until the question is settled by the debtor whether he intends to redeem the estate or not ? And when he has settled this question and redeemed the land by paying the appraised value, &c. why should not the attorney in the suit have the same authority to receive the money in *such* case, as he has to receive it two or three years after judgment, upon a *pluries* or *alias pluries* execution, in the usual mode of col-lection ? or to sue out process against bail, and collect the origin-al debt of them ? This he *may* do, and is *bound* to do, according

to the decision in the case of *Dearborn v. Dearborn*, 15 *Mass.* 316.—We are well satisfied that this is the proper construction to be given as to the extent of an attorney's power in cases like the present. This construction is founded on the peculiarity of our laws respecting the mode of satisfying executions by extending them on real estate, and the right of redemption allowed to the debtor—no such right exists in case of *personal* property sold on execution.—And in England no such mode is known of extending executions on *real* estate and *divesting the title* of the debtor, as is established by the laws of *Massachusetts* and of this State. Hence no cases parallel to this can be cited as authorities from any English Reports. From this view of the subject, we are of opinion that *Goodhue* was the attorney of *Gray at the time* and *for the purpose* of receiving the abovementioned sum of *Wass* and *Nash* in satisfaction of the appraised value of the demanded premises.

The counsel for the demandant contends, that this action can be maintained, notwithstanding the payment of the appraised value to the athorized agent and attorney of *Gray*, because the *fee* of the premises still remains in him, he not having released the same to *Bucknam* since the extent of the execution. By examining the before cited act, upon which this argument is founded, it will appear that such a case as the present does not seem to be contemplated.—The provisions of the act are applicable to a case where the creditor is *in possession* in virtue of the extent, and upon tender of the sum due, refuses to execute a deed of release; and in such circumstances it is provided that the debtor may maintain an action of *ejectment* against the creditor to obtain possession. The very nature of the action thus given to the debtor, shews that the *fee* is considered to be in him, after he has paid or tendered to the creditor the sum to which he is justly entitled; otherwise he could not maintain *such* an action. We are not disposed to give to the act so broad a construction as is contended for by the demandant's counsel. Neither the words of it nor the reason of the thing require it.—The *defendant* is in possession of the premises, in the present case; and needs no release from the creditor to protect him.—The judgment in this case *leaves* him in possession, and may be pleaded in bar to any future action.

In case of mortgaged premises, the *Stat.* 1798. *ch.* 77. provides a remedy, by bill in equity, for the mortgagee, in those cases only where the mortgagee *has entered for condition broken.* —It seems not to have been considered as necessary in any other case. If the mortgagor has paid the debt which the mortgage was made to secure, the mortgagee has no right to enter or maintain a writ of entry against the mortgagor.—He may resist such an action, according to the case of *Winship v. Pomeroy,* 12 *Mass.* 514. by shewing payment. Why should he not effectually resist and be permitted to retain his possession? What principle can demand of a Court of justice to sustain such an action, in favour of a man who has no claim which justice can sanction, against one who has paid the debt he owed to the satisfaction of his creditor, in order to relieve his estate from incumbrance?

We can see no legal principles upon which the present action can be maintained; and according to the agreement of the parties the verdict must be set aside and a nonsuit entered.