**STATE of Maine**

v.

**Albert J. CYR.**

Supreme Judicial Court of Maine.
Argued Sept. 13, 1985.
Decided Dec. 23, 1985.

Paul Aranson, Dist. Atty., Robert Ellis (orally) Portland, for plaintiff.

Downeast Law Offices, P.A., James A. Bushell (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Defendant Albert J. Cyr appeals from his conviction in the Superior Court (Cumberland County) as an habitual motor vehicle offender. 29 M.R.S.A. § 2298 (Supp.1985–1986). He argues on appeal that the Superior Court erred in denying his motion to suppress evidence obtained as the result of a police stop of his motor vehicle. We deny the appeal.

■ Preliminarily, we address the newly-adopted procedure by which this case is presented on appeal. Defendant was charged with operating a motor vehicle while an habitual offender. After unsuccessfully moving to suppress any evidence resulting from the stop of his vehicle, de-

fendant entered a conditional guilty plea pursuant to M.R.Crim.P. 11(a)(2).[1] The rule, which became effective on January 31, 1985, allows an adverse pretrial ruling to be preserved for appellate review without the necessity of trial.[2] *See* M.R. Crim.P. 11(a)(2) advisory committee's note to 1985 amend., Me.Rptr., 479–487 A.2d LIV–LV. The rule is designed to conserve prosecutorial and court resources without creating an undue burden on the appellate process. In that regard, we require that both the prosecution and the trial court certify that the record is adequate for appellate review, that the case is not appropriate for application of the harmless error doctrine, and that the plea was not entered to delay the proceedings. *Id.*, *see* Fed.R. Crim.P. 11(a)(2) advisory committee note to 1983 amend., 91 F.R.D. 289, 323 (1982). In the present case, a supporting certificate was filed by both the prosecutor and the presiding justice. On the basis of our independent review of the facts set forth in the certificates, we are persuaded that this case represents an appropriate use of the conditional guilty plea. *Cf. State v. Drown*, 447 A.2d 466, 471 (Me.1982); *Cole v. Peterson Realty, Inc.*, 432 A.2d 752, 755 (Me.1981); *State v. Placzek*, 380 A.2d 1010, 1012 (Me.1977) (lower court's certificate not conclusive on Law Court).

Turning to the merits of the appeal, the evidence presented at the suppression hearing may be summarized as follows: Just after midnight on June 21, 1984, a Westbrook police officer was driving on Route 25 towards Westbrook. He saw a pickup truck with its lights off in the parking lot of Lake Region Furniture, a retail business. The truck was parked closer to the road than to the building. The officer knew that Lake Region as well as other local businesses had been burglarized recently. As the police cruiser went by, a person seated in the driver's seat ducked down as if to avoid detection. Although his suspicion was aroused, the officer did not stop but continued to drive slowly because he was transporting an arrestee. In his rearview mirror, the officer observed the truck leave the parking lot and follow the cruiser towards Westbrook. After being informed that no other police unit was available to intercept the truck, the officer stopped the truck at an intersection, some two to three minutes after the first observation. Defendant was found to be the operator of the vehicle and was unable to produce an operator's license.

 Defendant's claim of an illegal motor vehicle stop is without merit. An investigatory stop is lawful if police can point to specific and articulable facts which, together with the rational inferences drawn from those facts, give rise to a reasonable suspicion that an individual may be engaged in criminal activity. *State v. Garland*, 482 A.2d 139, 142 (Me.1984); *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968). We will reverse the Superior Court's denial of a motion to suppress based on a finding of reasonable suspicion only if that finding is clearly erroneous. *State v. Thurlow*, 485 A.2d 960, 963 (Me.1984). The evidence in this case adequately supports the Superior Court's conclusion that the investigatory stop was justified.

1. The rule provides as follows:

 *Conditional Guilty Plea.* With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional guilty plea. A conditional guilty plea shall be in writing. It shall specifically state any pretrial motion and the ruling thereon to be preserved for appellate review. Appellate review of any specified ruling shall not be barred by the entry of the plea.

2. By order dated October 28, 1985, this Court dismissed a prior attempt to appeal for lack of a final judgment. Defendant entered a conditional guilty plea after the denial of his motion to suppress. Without adjudication or sentence, defendant appealed from the denial of his suppression motion and the Superior Court filed the certification required by the rule. We dismissed the appeal on the ground that the rule does not create the basis for an interlocutory appeal but rather negates the waiver that would otherwise attach to a judgment resulting from a guilty plea. Following our action in dismissing the appeal, the Superior Court entered a judgment of conviction and sentence. Defendant now appeals from that judgment.

The officer testified that he knew Lake Region Furniture and other local businesses had been burglarized recently. His suspicion was further aroused because the defendant ducked down as if to avoid detection. *See State v. Griffin,* 459 A.2d 1086, 1090 (Me.1983) (officer's suspicion justified where defendant attempted to escape detection by sliding from driver's seat into back of car). Given the location of the truck, the time of night, and the other surrounding circumstance, we conclude that specific and articulable facts existed to justify the minimal intrusion involved in stopping the vehicle.

 Finally defendant contends that any suspicion evaporated because he was not stopped immediately *after being seen.* We disagree. At all times the truck remained within the officer's sight. The stop occurred two to three minutes after the first observation and the delay resulted from the presence of an arrestee in the officer's vehicle. *Cf. United States v. Posey,* 663 F.2d 37, 41 (7th Cir.1981), *cert. denied,* 455 U.S. 959, 102 S.Ct. 1473, 71 L.Ed.2d 679 (suspicion evaporated where defendant stopped fifteen minutes after suspicion arose and fifteen miles away from place defendant was originally seen). The fact that a vehicle follows a police cruiser rather than departing in the opposite direction, does not necessarily dispel other reasonable grounds for suspicion.

The entry is:

Judgment affirmed.

All concurring.