STATE of Maine

v.

**Delbert J. WELLER.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 15, 1990.
Decided June 18, 1990.

James E. Tierney, Atty. Gen., Diane Doyen, Asst. Atty. Gen., Augusta, for state.

Delbert Weller, Cherryfield, pro se.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, CLIFFORD,
COLLINS, and BRODY, JJ.

McKUSICK, Chief Justice.

Delbert J. Weller appeals from the judgment of the Superior Court (Washington County, *Smith, J.*) entered after a jury convicted him of intentionally failing to file a state income tax return for tax year 1987 in violation of 36 M.R.S.A. § 5332 (Supp. 1989).[1] On appeal, Weller contends that he is not an individual required to file a state tax return and furthermore that the evidence did not support the jury's finding that his failure to file was intentional. We find neither of these contentions to have any merit whatsoever and we therefore affirm.

Weller has been a resident of Cherryfield since at least 1975 and in 1987 received a federal naval pension in the amount of $12,672. Under the Internal Revenue Code, 26 U.S.C.A. § 6012 (1988), this income alone was enough to require Weller to file a federal tax return. The Maine income tax law, 36 M.R.S.A. § 5220(1) (Supp.1989), requires every resident of the State of Maine who is required to file a federal tax return to file a state tax return also. Contrary to his contention, Weller clearly falls within the Maine

---

1. 36 M.R.S.A. § 5332 (Supp.1989) provides in pertinent part:

Any person required under this Part to pay any tax or estimated tax, or required by this Part or regulation prescribed thereunder to make a return ... who intentionally fails to pay that tax or estimated tax, [or] make the return ... shall, in addition to other penalties provided by law, be guilty of a Class D crime.

statute's definition of a person required to file a state income tax return.

 Weller nonetheless contends that he "has researched the law diligently and carefully, and is completely convinced that [he] is not subject to the tax and has no requirement" to file either federal or state tax returns. He asserts that the jury thus could not find that he intentionally violated the statute requiring him to file a state tax return, 36 M.R.S.A. § 5332. Weller's personal misapprehension of the law affords him no excuse for failing to file an income tax return, a commonly recognized obligation of everyday life. Moreover, Weller as the appellant bears the responsibility for providing the appellate court with an adequate record on which to review the trial court's factual findings and to evaluate his challenge to the sufficiency of the evidence to support the jury's verdict. *See State v. Guay,* 534 A.2d 1325, 1326 (Me.1988); *State v. Thwing,* 487 A.2d 260, 262 (Me. 1985). Having failed to provide us with a transcript of the trial proceedings or any other record adequate to allow appellate review, Weller's contentions about evidentiary sufficiency must fail.

The entry is:

Judgment affirmed.

All concurring.