**STATE of Maine**

v.

**Richard FOWLER.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 4, 1993.
Decided Nov. 1, 1993.

---

David W. Crook, Dist. Atty., James M. Cameron, Asst. Dist. Atty., Augusta, for plaintiff.

Ronald W. Bourget, Bourget & Bourget, P.A., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

Richard Fowler appeals from a judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) convicting him of operating under the influence, 29 M.R.S.A. § 1312–B. Fowler challenges the denial of his motion to suppress on the ground that the deputy sheriff had insufficient reliable information to justify his stopping Fowler's motor vehicle. Because we conclude that Fowler has not preserved the suppression issue for appellate review, we affirm the conviction.

Fowler was charged with operating a motor vehicle on Route 9 in Chelsea while under the influence of intoxicating liquor. Fowler's motion to suppress evidence was heard and denied by the District Court (Augusta, *French, J.*) in June 1992. Following transfer to the Superior Court, the case was scheduled for a jury trial on January 12, 1993. The next docket entry, dated March 4, 1993, reflects that Fowler entered a conditional guilty plea in open court on January 11, 1993. The docket entries include the acceptance of the plea, the conviction of the defendant, the imposition of sentence, and the filing of a notice of appeal in open court. No other record is before us. M.R.Crim.P. 11(a)(2) expressly requires that a conditional guilty plea shall be in writing and "shall specifically state any pretrial motion and the ruling thereon to be preserved for appellate review." Moreover, the rule expressly requires that the court and the prosecutor "shall file a written certification that the record is adequate for appellate review and that the case is not appropriate for application of the harmless error doctrine." Al-

though not contained in Rule 11(a)(2) as originally adopted in 1985, the requirement of written certification by the court and the prosecutor was added in 1987 following our decision in *State v. Cyr*, 501 A.2d 1303 (Me. 1985). We conclude that, absent compliance with Rule 11(a)(2), the defendant has simply failed to preserve any specific ruling for appellate review. Accordingly, we affirm Fowler's conviction.

The entry is:

Judgment affirmed.

All concurring.