**STATE of Maine**

**v.**

**K.L.**

Supreme Judicial Court of Maine.

Argued June 23, 1995.
Decided July 28, 1995.

---

R. Christopher Almy, Dist. Atty., Jeffrey Silverstein (orally), Asst. Dist. Atty., Bangor, for the State.

Thomas F. Shehan, Jr. (orally), Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

---

RUDMAN, Justice.

K.L., a juvenile, appeals from the judgments entered in the Superior Court (Penobscot County, *Kravchuk, J.*) affirming the judgments of conviction entered in the District Court (Bangor, *Russell, J.*) of burglary, 17–A M.R.S.A. § 401 (Class B) (1983 & Supp. 1994), theft, 17–A M.R.S.A. § 353 (Class B) (1983), and terrorizing, 17–A M.R.S.A. § 210 (Class D) (1983). On appeal, K.L. contends that the trial court erred in denying his motion to suppress the evidence seized after a warrantless search of his backpack. Because K.L. has not properly preserved the suppression issue for appellate review, we affirm the judgments.

K.L. was charged by juvenile petitions with burglary, theft of a firearm, and terrorizing. K.L. filed motions to suppress certain evidence, and following a hearing, the juvenile court denied the motions. Thereafter, K.L. admitted the facts alleged by the State, and the District Court accordingly entered the judgments of conviction.

K.L. filed a notice of appeal to the Superior Court and requested a transcript. The State contended that because K.L. had failed to comply with the procedure for entering a conditional guilty plea pursuant to M.R.Crim.P. 11(a)(2) [1], he failed to preserve an issue for appeal. Following a hearing, the Superior Court, relying on *State v. Fowler*, 633 A.2d 80 (Me.1993), concluded that even if the plea transcript revealed that K.L. had in fact entered a conditional plea, that transcript could not cure the noncompliance with Rule 11(a)(2). Accordingly, the court affirmed the judgments of the District Court, and this appeal followed.[2]

In *State v. Fowler*, 633 A.2d 80 (Me.1993), we declined to reach the merits of the appeal because the defendant had failed to comply with the procedural requirements of Rule 11(a)(2). Although a docket entry indicated that the defendant entered a conditional guilty plea, the record contained neither a writing specifically identifying the pretrial motion to be preserved for appellate review nor a written certification by the State and trial court that the record was adequate for appellate review. *Id.* at 81.

K.L. contends that *State v. Fowler* should be overruled because M.R.Crim.P. 11(a)(2) does not state that a defendant has the burden to put a conditional plea in writing. We disagree.

*Fowler* was decided on sound application of Rule 11(a)(2), and we decline to accept K.L.'s invitation to overrule it. *Fowler* correctly placed the burden on the defendant to ensure that the conditional plea agreement is in writing and states the pretrial ruling to be preserved for appellate review. Rule 11(a)(2) requires that (1) the conditional plea be in writing and indicate the pretrial motion and ruling to be preserved for appellate review, (2) the court approve and the State consent to the entry of the conditional plea, and (3) the court and the State certify in writing that the record is adequate for appellate review and that the case is not appropriate for application of the harmless error doctrine. This procedure allows the reviewing court to consider the issue preserved without a transcript of the Rule 11 proceeding. Placing the burden on the defendant to ensure compliance with Rule 11(a)(2) is consistent

1. M.R.Crim.P. 11(a)(2) provides:
   *Conditional Guilty Plea.* With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional guilty plea. A conditional guilty plea shall be in writing. It shall specifically state any pretrial motion and the ruling thereon to be preserved for appellate review. If the court approves and the attorney for the state consents to entry of the conditional guilty plea, they shall file a written certification that the record is adequate for appellate review and that the case is not appropriate for application of the harmless error doctrine. Appellate review of any specified ruling shall not be barred by the entry of the plea.

If the defendant prevails on appeal, the defendant shall be allowed to withdraw the plea. Pursuant to 15 M.R.S.A. § 3305 (Supp.1994), M.R.Crim.P. 11 is applicable to juvenile proceedings.

2. The record before us contains the sentencing transcript, which reveals that the State, K.L.'s attorney, and the trial court each understood that K.L. was entering a conditional plea. In fact, the court told K.L. that he could appeal the denial of the motion to suppress, and if successful, would "be entitled to come back and begin the proceedings over again."

with M.R.Crim.P. 39(b) and the general rule that it is the appellant's burden to furnish an adequate appellate record for review. *State v. Weller,* 576 A.2d 742, 743 (Me.1990); *State v. Guay,* 534 A.2d 1325, 1326 (Me.1988) (per curiam); *State v. Thwing,* 487 A.2d 260, 262 (Me.1985) ("When the record made available to the Law Court to support an appeal is inadequate, such appeal must fail. . . ."). As in *Fowler,* the record of this case contains neither a written plea agreement specifically stating the pretrial ruling to be preserved for appellate review nor a written certification by the State and the trial court that the record is adequate for appellate review. Because K.L. has failed to comply with the specific requirements of Rule 11(a)(2), he has not properly preserved an issue for appellate review, and we affirm the judgments of the Superior Court.[3]

The entry is:

Judgments affirmed.

All concurring.

**3.** When faced with situations in which the record did not contain a written plea agreement of the conditional plea, several federal courts have excused the procedural infirmity by examining the plea transcript. *United States v. Markling,* 7 F.3d 1309, 1312–14 (7th Cir.1993); *United States v. Bell,* 966 F.2d 914, 915–16 (5th Cir.1992); *United States v. Yasak,* 884 F.2d 996, 1000 (7th Cir. 1989); *United States v. Fernandez,* 887 F.2d 564, 566 n. 1 (5th Cir.1989); *see also State v. Hodge,* 118 N.M. 410, 882 P.2d 1 (1994). Unlike Fed. R.Crim.P. 11(h), however, the Maine rule does not contain a provision stating that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h). We decline therefore to follow the federal cases.