1998 ME 2

**STATE of Maine**

v.

**Sarah M. ALDUS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 10, 1997.

Decided Jan. 2, 1998.

Geoffrey Rushlau, District Attorney, Leane Zainea, Asst. Dist. Atty., Belfast, for State.

Paul J. Morrow, Carl D. McCue, Hampden, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1] Sarah M. Aldus appeals from the judgment entered in the Superior Court (Waldo County, *Kravchuk, J.*) affirming her conviction in the District Court (Belfast, *Staples, J.*) of the offense of operating a motor vehicle after suspension, 29–A M.R.S.A. § 2412 (1996) (repealed 1995), and affirming two civil adjudications for the offenses of possession of marijuana, 22 M.R.S.A. § 2383 (1992), and possession of drug paraphernalia, 17–A M.R.S.A. § 1111–A (1983). We affirm the judgments.

[¶ 2] Contrary to Aldus's assertions, the officer who stopped Aldus's vehicle had a reasonable and articulable justification in so doing and the subsequent search of her vehicle by the police officers was a lawful search following her lawful custodial arrest for driving while under suspension. *See, e.g., Terry*

*v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1879–80, 20 L.Ed.2d 889 (1968); *State v. Cyr,* 501 A.2d 1303, 1305 (Me.1985).

■ [¶ 3] Aldus also contends that the statements she made to the arresting officers should have been suppressed as they were made in the context of a custodial interrogation prior to her being apprised of her Fifth Amendment rights against self-incrimination as required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Whether *Miranda* is applicable and requires the suppression of statements is a matter of federal constitutional law. *State v. Gardner,* 509 A.2d 1160, 1163 (Me.1986).

■ [¶ 4] As the Supreme Court explained in *Miranda,* a person in custody and subject to interrogation must be advised of her rights against self-incrimination in order for her statements to be admissible against her in a criminal case. *State v. Jalbert,* 537 A.2d 593, 594 (Me.1988). The trial court determined that Aldus committed the *civil offense* of possession of drug paraphernalia for which a forfeiture of not more than $200 may be adjudged. 17–A M.R.S.A. § 1111–A; *see also* 17–A M.R.S.A. 4–B(3) (Supp.1997) ("[a] law or ordinance which prohibits defined conduct, but does not provide an imprisonment penalty, is a civil violation ..."). The statements, the admission of which is challenged, were admitted in the course of a consolidated proceeding. As to the criminal charge (operating after suspension), the admission of the statements was harmless. As to the civil infraction (possession of drug paraphernalia), the admission of the statements made by Aldus while in custody did not violate her Fifth Amendment rights.

The entry is:

Judgments affirmed.