2004 ME 148

**STATE of Maine**

v.

**Mark T. SMITH.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 5, 2004.

Decided: Dec. 9, 2004.

Neale T. Adams, District Attorney, Carrie L. Linthicum, Asst. Dist. Atty., Caribou, for State.

Richard L. Rhoda, Houlton, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] Mark T. Smith appeals a judgment convicting him of operating under the influence (Class D) in violation of 29-A M.R.S.A. § 2411(1), (5) (1996),[1] entered by the District Court (Houlton, *O'Mara, J.*) following his stipulated plea, subject to appeal. He asserts that the officer who stopped him had an insufficient basis to form a reasonable, articulable suspicion of violation of law to justify the stop. Because Smith did not comply with the requirements of M.R.Crim. P. 11(a)(2) to enter a conditional plea of guilty, his issues on appeal are not sufficiently preserved. Accordingly, we affirm the judgment.

## I. CASE HISTORY

[¶ 2] Where the sufficiency of the evidence to support trial court fact-findings on a motion to suppress is challenged, we state the evidence that appears in the

---

1. The provisions of the OUI law were repealed and replaced, effective July 1, 2004, by P.L. 2003, ch. 452 §§ Q–77 to Q–83. Charges on and after July 1, 2004, are brought pursuant to 29-A M.R.S.A. § 2411(1-A) (Supp. 2004). The events in this case occurred before the change in the law.

record from the perspective most favorable to those findings. *State v. Reynoso–Hernandez,* 2003 ME 19, ¶ 10, 816 A.2d 826, 830. The record here indicates that a Maine State Police officer observed Smith's vehicle stopped in the breakdown lane of Interstate 95, just after the entrance ramp in Houlton. As the officer slowed, intending to stop behind Smith's vehicle to inquire if any assistance was needed, the vehicle began to move and proceeded directly from the breakdown lane to the travel lane, without signaling. As Smith's vehicle proceeded in the travel lane, Smith activated his directional signal indicating a left turn. Several hundred yards from where the left turn signal was activated, there was an "Authorized Vehicles Only" crossover from the southbound to the northbound lane. The officer stopped Smith's vehicle, because the officer believed that activation of the left turn signal, when there were no vehicles in front of Smith's vehicle, indicated that Smith intended to enter the crossover to the northbound lane in violation of 29–A M.R.S.A. § 2052(3) (1996),[2] prohibiting drivers from using crossovers on divided highways.

[¶ 3] As a result of the stop, the officer developed enough information to charge Smith with operating under the influence. At his arraignment, Smith pled not guilty. He subsequently filed a motion to suppress. Following a hearing on the motion to suppress, the District Court found that there was sufficient evidence to create a reasonable and articulable suspicion that a violation of law would imminently occur.

*See State v. Eklund,* 2000 ME 175, ¶ 6, 760 A.2d 622, 624; *State v. Dulac,* 600 A.2d 1121, 1122 (Me.1992).

[¶ 4] Immediately following the court's denial of his motion to suppress, Smith, through his attorney, changed his plea to what was characterized as: "a stipulated plea of guilty at this time ... subject to appeal."[3] The court entered a finding of guilty upon the plea. In the record there is no indication that Smith entered his plea in writing, that the court approved entry of the conditional plea, or that the State consented to entry of the plea as a conditional plea. Following sentencing,[4] Smith brought this appeal.

[¶ 5] Smith asserts that we should consider his appeal on the merits because it was apparent to all at the plea proceeding that Smith was pleading conditionally and that the court, by accepting the plea and imposing sentence, approved the conditional plea and the appeal. The State asserts that Smith is barred from appealing his conviction because he has not complied with the requirements of M.R.Crim. P. 11(a)(2).

## II. CONDITIONAL PLEA REQUIREMENTS

[¶ 6] Entry of conditional pleas is governed by M.R.Crim. P. 11(a)(2) which reads as follows:

(2) *Conditional Guilty Plea.* With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional guilty plea. A

2. This provision of the divided highways law was amended effective July 1, 2004, by P.L. 2003, ch. 452, §§ Q–29, Q–30. Charges on and after July 1, 2004, are brought pursuant to 29–A M.R.S.A. § 2052(3), (3–A) (Supp. 2004). The events in this case occurred before the change in the law.

3. The evidence of the officer's reasonable and articulable suspicion, prior to the stop, that a violation of law was about to occur, would have limited the prospects for success on the merits of an appeal.

4. Smith received a sentence of seven days in the county jail, a $600 fine and a 365–day suspension of his operating privileges.

conditional guilty plea shall be in writing. It shall specifically state any pretrial motion and the ruling thereon to be preserved for appellate review. If the court approves and the attorney for the state consents to entry of the conditional guilty plea, they shall file a written certification that the record is adequate for appellate review and that the case is not appropriate for application of the harmless error doctrine. Appellate review of any specified ruling shall not be barred by the entry of the plea.

If the defendant prevails on appeal, the defendant shall be allowed to withdraw the plea.

■ [¶ 7] Rule 11(a)(2) requires that a conditional plea: (1) "shall be in writing"; (2) shall "specifically state" the ruling on the pretrial motion to be preserved for appellate review; and further requires (3) that if the court approves and the attorney for the State consents to entry of the conditional plea, the court and the attorney for the State "shall file a written certification" that the record is adequate for appellate review and the case is not appropriate for application of the harmless error doctrine.[5] None of these requirements were met in this case. There is no written entry of plea or written certification by the court and the attorney for the State.

[¶ 8] Rule 11(a)(2) was adopted in 1985, following addition of a similar provision to the Federal Rules of Criminal Procedure in 1983. M.R.Crim. P. 11(a), Advisory Committee's Note to 1985 amendment. The reasons for the rule, including its written entry, consent, and certification requirements, are extensively discussed in the advisory committee notes supporting our original adoption of the rule in 1985 and amendments to the rule in 1987. M.R.Crim. P. 11(a), Advisory Committee's

Notes to 1985 and 1987 amendments. The 1987 advisory committee notes indicate that the written entry and certification requirements exist to assure that: (1) issues raised in review of a ruling on a pretrial motion are properly subject to appellate resolution without a trial record; (2) the harmless error doctrine would not cause a conviction to be affirmed, despite any error in the pretrial ruling; and (3) resolution of the ruling on the pretrial motion will dispose of the case and not result in delay by allowing an interlocutory appeal of a matter that must be tried regardless of the outcome of the appeal. M.R.Crim. P. 11(a) Advisory Committee's Note to 1987 amendment.

[¶ 9] The 1987 advisory committee notes indicate that the explicit requirement of a "written certification of record adequacy and issue substantiality" was added to the rules after our opinion in *State v. Cyr*, 501 A.2d 1303, 1305 (Me.1985). M.R.Crim. P. 11(a) Advisory Committee's Note to 1987 amendment. The advisory committee notes indicate that: "By giving their approval and consent, the court and the prosecutor implicitly certify as to the defendant's no-delay purpose. Such implicit certification should be enough to guard against frivolous appeals and certainly satisfies the rationale of the rule." *Id.*

[¶ 10] In two opinions, we have emphasized that the written entry of a plea and written approval and certification requirements of M.R.Crim. P. 11(a)(2) must be respected and that failure to comply with these specific requirements will cause us to view the issue presented as not properly preserved for appellate review. *State v. K.L.*, 663 A.2d 21, 22–23 (Me.1995); *State v. Fowler*, 633 A.2d 80, 81 (Me.1993). Here, there is no written entry of plea or written certification of record adequacy, issue substantiality, or no-delay purpose to

---

5. The harmless error doctrine is articulated in     M.R.Crim. P. 52(a).

support the conditional appeal. Without those written materials appearing in the record, the issue that Smith seeks to raise is not properly preserved for appeal, and the judgment must be affirmed. *K.L.*, 663 A.2d at 23.

The entry is:

Judgment affirmed.