STATE OF MAINE  
PENOBSCOT, ss.

FILED & ENTERED
SUPERIOR COURT

JAN 06 2006

PENOBSCOT COUNTY

SUPERIOR COURT  
CIVIL ACTION  
Docket No. RE-05-008

CHRISALL,

        Plaintiff       )  
                        )  
v.                       )  
                        )  
MICHAEL E. THIBODEAU,    )  
                        )  
        Defendant     )

OPINION: ORDER ON MOTIONS  
FOR SUMMARY JUDGMENT

        This matter is before the Court on Plaintiff's, Chrisall, Motion for Summary

Judgment, and Defendant's, Michael Thibodeau, Counter Motion for Summary

Judgment. The court has reviewed the parties' submissions on these motions.

        Plaintiff seeks injunctive relief as well as a declaratory judgment setting forth the

rights of the parties as follows:

> Plaintiff is the owners of real property described in the deed recorded in
> the Penobscot County Registry of Deeds in Book 9608, Page 257;
> Defendant has placed and maintains a mobile home, deck, septic system
> and dock which extend onto Plaintiff's Parcel; Defendant has no right to
> use, damage, or trespass on Plaintiff's Parcel.

Plaintiff's Complaint also contains a charge of trespass and demands damages including

double Plaintiff's actual damages, attorney's fees and costs. Defendant filed a

counterclaim claiming ownership of the disputed parcel by way of adverse possession.

## DISCUSSION

### A.    Standard of Review

1

A party is entitled to summary judgment when the record shows that there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *See e.g., Darlings v. Ford Motor Co.*, 2003 ME 21, ¶ 14, 817 A.2d 877, 879. To survive a motion for a summary judgment, the opposing party must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law. *Rodrigue v. Rodrigue*, 1997 ME 99, ¶ 8, 694 A.2d 924, 926. "'A fact is material when it has the potential to affect the outcome of the suit.'" *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 172. An issue is genuine "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *MP Assocs. v. Liberty*, 2001 ME 22, ¶ 12, 771 A.2d 1040, 1044.

Essentially the Court determines whether there is a genuine issue of material fact by comparing the parties' statement of material facts and corresponding record references. *See e.g., Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 8, 742 A.2d 933, 938. The court will view the evidence in light most favorable to the non-moving party. *See e.g., Steeves v. Bernstein, Shur, Sawyer & Nelson, P.A.*, 1998 ME 210, ¶ 11, 718 A.2d 186.

**B. Applicable Law**

1. *Plaintiff's Motion for Summary Judgment*

Rule 56 establishes the procedure parties must strictly follow when seeking or defending a motion for summary judgment.[1] Rule 56 requires the moving party to file a "separate, short and concise statement of the material facts, set forth in numbered

---

[1] Effective January 1, 2001, M.R. Civ. P. 7(d)(1) was amended and incorporated into M.R. Civ. P. 56(h).

paragraphs, as to which the moving party contends there are no genuine issues to be tried." M.R. Civ. P. 56(h)(1). The party opposing summary judgment must submit a statement of material facts that are in dispute and which are supported by record references pursuant to Rule 56. The Court may disregard any statement of fact the parties have failed to support by a specific citation to the proper record material.[2]

The Law Court was very clear in *Levine* that:

A statement of material facts must directly refer the court to the specific portions of the record from which each fact is drawn. The court is neither required nor permitted to independently search a record to find support for facts offered by a party. In the absence of specific record references, a proffered fact is not properly before the court and cannot provide a basis for judgment. *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, 770 A.2d 653, ¶9 (internal citations omitted).

Additionally, the nonmoving party must file a memorandum of law in opposition to the motion for summary judgment and copies of the corresponding record references. *Id.* at ¶ 6.

Here, the Defendant's Amended Response to the Motion for Summary Judgment does not satisfy Rule 56 requirements. Defendant did not properly contest any of Plaintiff's Statement of Material Facts. Defendants' Opposing Statement of Material Facts does not admit, deny, or qualify each of Plaintiff's material facts by reference to each numbered paragraph with support by a record citation as required by Rule 56(h)(2). As such, Plaintiff's uncontested material facts are deemed admitted. *See e.g., Pratt v. Ottum*, 761 A.2d 313, 318 (Me. 2003). A citation consisting of "See Affidavit of Shyka" without a specific reference to paragraph or page number violates M.R. Civ. P. 56(h)(4)

---

[2] M.R.CIV. P. 56(c) provides in part: Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by subdivision (h) show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to judgment as a matter of law.

and shall not be considered by this Court. *See e.g., Gilbert v. Gilbert*, 2002 ME 67, ¶ 15, 796 A.2d 57, 60-61 (*holding*, if a proffered fact is not accompanied by a specific record reference then a court may not consider the fact). Defendant's Amended Response to Plaintiff's SOMF did not remedy the deficiencies present in his initial Response. Defendant has technically admitted all of the statements contained in Plaintiff's SOMF. Summary Judgment is therefore granted in favor of the Plaintiff.

*2. Defendant's Motion for Summary Judgment Claiming Title by Adverse Possession*

To successfully acquire title by adverse possession, the adverse possessor "must prove by a preponderance of the evidence 'possession for a 20-year period that is actual, open, visible, notorious, hostile, under a claim of right, continuous, and exclusive. *Eaton v. Town of Wells*, 2000 ME 176, ¶ 27, 760 A.2d 232, 242 (*quoting Dowley v. Morency*, 1999 ME 137, ¶ 19, 737 A.2d 1061, 1068-69). "Adverse possession presents a mixed question of law and fact...what acts of dominion will result in creating title by adverse possession is a question of law...whether those acts were really done, and the circumstances under which they were done, raise questions of fact." *Striefel v. Charles-Keyt-Leaman P'ship*, 1999 ME 111, ¶ 7, 733 A.2d 984, 989 (*quoting Webber v. Barker Lumber Co.*, 121 Me. 259, 263, 116 A.2d 586, 587 (1922)).

Defendant's claim of adverse possession fails as a matter of law because the Defendant has not shown that the hostile requirement was present. In fact, it appears the Defendant has demonstrated the opposite. Defendant states he "always understood he owned the camp. . .." OSMF, ¶ 6. Additionally, even if *arguendo* the hostile requirement was met, there are genuine issues of material fact relating to Defendant's claim, and as such, Defendant's Motion for Summary Judgment should be denied. For

4

example, there is a genuine dispute as to whether the Defendant's actions prior to 1987 were "open", "visible", and "notorious". Pl.'s Opp. Memo. To Def.'s MSJ, 3-5. Defendant's Motion for Summary Judgment is denied.

## CONCLUSION

Accordingly, the entry shall be:

Defendant's motion for summary judgment is DENIED. Plaintiff's Motion for Summary Judgment is GRANTED. The Clerk may incorporate this Decision and Order into the docket by reference.

Dated: January 6 , 2006

Andrew Mead
Justice, Maine Superior Court

5

CHRISALL - PLAINTIFF
194 RIVER ROAD
ORRINGTON ME 04474
Attorney for: CHRISALL
EDMOND BEAROR  - RETAINED 02/01/2005
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401


Attorney for: CHRISALL
TIMOTHY A PEASE  - RETAINED 02/01/2005
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401



vs
MICHAEL E THIBODEAU  - DEFENDANT
BREWER LAKE ROAD
ORRINGTON ME 04474
Attorney for: MICHAEL E THIBODEAU
JOSEPH M BALDACCI  - RETAINED 02/22/2005
LAW OFFICE OF JOSEPH M BALDACCI
6 STATE ST, SUITE 605
PO BOX 1423
BANGOR ME 04402-1423

SUPERIOR COURT
PENOBSCOT, ss.
Docket No  BANSC-RE-2005-00008


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: QUIET TITLE
Filing Date: 02/01/2005

## Docket Events:

02/01/2005 FILING DOCUMENT - COMPLAINT FILED ON 02/01/2005
        (EXHIBITS A, B & C ATTACHED)

02/01/2005 Party(s):  CHRISALL
        ATTORNEY - RETAINED ENTERED ON 02/01/2005
        Plaintiff's Attorney: EDMOND BEAROR

02/01/2005 Party(s):  CHRISALL
        ATTORNEY - RETAINED ENTERED ON 02/01/2005
        Plaintiff's Attorney: TIMOTHY A PEASE

02/01/2005 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 02/01/2005
        TO PLAINTIFF'S ATTORNEYS.

02/22/2005 Party(s):  MICHAEL E THIBODEAU
        SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 02/18/2005
        BY JOSEPH BALDACCI, ESQ., ON BEHALF OF DEFENDANT.

02/22/2005 Party(s):  MICHAEL E THIBODEAU
        SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 02/22/2005
        BY DEFENDANT.

STATE OF MAINE
PENOBSCOT, ss.

FILED & ENTERED
SUPERIOR COURT

MAR 10 2006

PENOBSCOT COUNTY

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-05-008

PEN-FMR - 3 (C

CHRISALL,

        Plaintiff

v.

MICHAEL E. THIBODEAU,

        Defendant

)
)
)
)
)
)
)
)
)
)
)

AMENDED ORDER ON MOTIONS
FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff's Motion for Summary Judgment, and

Defendant's Counter Motion for Summary Judgment. On January 6, 2006, this Court

granted Plaintiff's motion for summary judgment and denied Defendant's motion for

summary judgment. On January 13, 2006, the Defendant filed a Motion to Reconsider.

On January 31, 2006, the Plaintiff filed an Opposition to Defendant's Motion to

Reconsider. The court has reviewed the parties' submissions on these motions.

Additionally, the Court held a hearing on March 7, 2006 to discuss the Motion to

Reconsider.

Under M.R. Civ. P. 7(b)(B)(5), "Motions for reconsideration of an order shall not

be filed unless required to bring to the court's attention an error, omission or new

material that could not previously have been presented." Defendant notes in his motion

to reconsider that the Court found genuine issues of material fact existed on Defendant's

counterclaim of adverse possession. He further notes that, "[s]uch a finding would defeat

the finality of the Court's Order on Plaintiff's complaint . . ." Def.'s Mot. to Reconsider

1

at ¶ C. Defendant is correct, and has correctly brought an error to the court's attention. An order that decides one or more claims, but not all claims, "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." M.R. Civ. P. 54(b)(1) (2005). Additionally, under M.R. Civ. P. 52(b), "[t]he court may, upon motion of a party made not later than 10 days after notice of findings made by the court, amend its findings or make additional findings, and, if judgment has been entered, may amend the judgment accordingly."

Plaintiff seeks injunctive relief as well as a declaratory judgment setting forth the rights of the parties as follows:

> Plaintiff is the owners of real property described in the deed recorded in the Penobscot County Registry of Deeds in Book 9608, Page 257; Defendant has placed and maintains a mobile home, deck, septic system and dock which extend onto Plaintiff's Parcel; Defendant has no right to use, damage, or trespass on Plaintiff's Parcel.

Plaintiff's Complaint also contains a charge of trespass and demands damages including double Plaintiff's actual damages, attorney's fees and costs. Defendant's Counter Motion claims ownership of the disputed parcel by way of adverse possession.

## I. Defendant's Adverse Possession Claim

### A. Standard of Proof and Standard of Review

A party asserting an adverse possession claim must prove their claim by a fair preponderance of the evidence. *See e.g., Joseph H. Striefel v. Charles-Keyt-Leaman Partnership et al*, 1999 ME 111, ¶ 3, 733 A.2d 984, 988. "Whether specific acts are sufficient to establish the elements of adverse possession can only be resolved in light of the nature of the land, the uses to which it can be put, its surroundings, and various other circumstances." *Falvo v. Pejepscot Indus. Park*, 1997 ME 66, ¶ 8, 691 A.2d 1240, 1243.

"[W]hat acts of dominion will result in creating title by adverse possession is a question of law. In this field, the powers of the court are primary and plenary. Whether those acts were really done . . . raise questions of fact." *Dowley v. Morency*, 1999 ME 137, ¶ 19, 737 A.2d 1061, 1068 (citations omitted).

Additionally, a party is entitled to summary judgment when the record shows that there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *See e.g., Darlings v. Ford Motor Co.*, 2003 ME 21, ¶ 14, 817 A.2d 877, 879. To survive a motion for a summary judgment, the opposing party must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law. *Rodrigue v. Rodrigue*, 1997 ME 99, ¶ 8, 694 A.2d 924, 926. "'A fact is material when it has the potential to affect the outcome of the suit.'" *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 172. An issue is genuine "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *MP Assocs. v. Liberty*, 2001 ME 22, ¶12, 771 A.2d 1040, 1044.

Essentially the Court determines whether there is a genuine issue of material fact by comparing the parties' statement of material facts and corresponding record references. *See e.g., Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 8, 742 A.2d 933, 938. The court will view the evidence in light most favorable to the non-moving party. *See* e.g., *Steeves v. Bernstein, Shur, Sawyer & Nelson, P.A.*, 1998 ME 210, ¶11, 718 A.2d 186.

*B. Applicable Law*

"Title by adverse possession may be established either pursuant to the common law or statutory provisions." *Striefel v. Charles-Keyt-Leaman Partnership et al, 1999*

3

*ME 111*, ¶ 5, 733 A.2d 984, 989 (*quoting, Colquhoun v. Webber*, 684 A.2d 405, 410 (Me. 1996)). Defendant notes in his motion to reconsider that the Court did not take into account 14 M.R.S.A. § 801-A, which states:

> If a person takes possession of land by mistake as to the location of the true boundary line and possession of the land in dispute is open and notorious, under claim of right, and continuous for the statutory period, the hostile nature of the claim is established and no further evidence of the knowledge or intention of the person in possession is required.

Defendant is correct. Defendant may have met the hostility requirement because the legislature has negated the requirement of intent for the statute of limitations defense. 14 M.R.S.A. § 810-A (2004). A trial will be necessary.

## II.     Plaintiff's Motion for Summary Judgment

In his Motion to Reconsider, Defendant is correct that this Court has some discretion in whether or not it disregards a material fact with an improper record citation. Rule 56 establishes the procedure parties must strictly follow when seeking or defending a motion for summary judgment.[1] Rule 56 requires the moving party to file a "separate, short and concise statement of the material facts, set forth in numbered paragraphs, as to which the moving party contends there are no genuine issues to be tried." M.R. Civ. P. 56(h)(1). The party opposing summary judgment must submit a statement of material facts that are in dispute and which are supported by record references pursuant to Rule 56. The Court may disregard any statement of fact the parties have failed to support by a specific citation to the proper record material.[2]

---

[1] Effective January 1, 2001, M.R. Civ. P. 7(d)(1) was amended and incorporated into M.R. Civ. P. 56(h).
[2] M.R.CIV. P. 56(c) provides in part: Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the

4

The Law Court was very clear in *Levine* that:

> A statement of material facts must directly refer the court to the specific portions of the record from which each fact is drawn. The court is neither required nor permitted to independently search a record to find support for facts offered by a party. In the absence of specific record references, a proffered fact is not properly before the court and cannot provide a basis for judgment. *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, 770 A.2d 653, ¶9 (internal citations omitted).

Additionally, the nonmoving party must file a memorandum of law in opposition to the motion for summary judgment and copies of the corresponding record references. *Id.* at ¶ 6.

Here, the Defendant's Amended Response to the Motion for Summary Judgment does not satisfy Rule 56 requirements. Defendant did not properly contest any of Plaintiff's Statement of Material Facts. Defendants' Opposing Statement of Material Facts does not admit, deny, or qualify each of Plaintiff's material facts by reference to each numbered paragraph with support by a record citation as required by Rule 56(h)(2). As such, Plaintiff's uncontested material facts are deemed admitted. *See e.g., Pratt v. Ottum*, 761 A.2d 313, 318 (Me. 2003). A citation consisting of "See Affidavit of Shyka" without a specific reference to paragraph or page number violates M.R. Civ. P. 56(h)(4) and shall not be considered by this Court. *See e.g., Gilbert v. Gilbert*, 2002 ME 67, ¶ 15, 796 A.2d 57, 60-61 (*holding*, if a proffered fact is not accompanied by a specific record reference then a court may not consider the fact). Defendant's Amended Response to Plaintiff's SOMF did not remedy the deficiencies present in his initial Response. Defendant has technically admitted all of the statements contained in Plaintiff's SOMF. Summary Judgment must be granted in favor of the Plaintiff on title issues.

---

statements required by subdivision (h) show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to judgment as a matter of law.

5

## CONCLUSION

Accordingly, the entry shall be:

Defendant's motion for summary judgment is DENIED. Plaintiff's Motion for

Summary Judgment is GRANTED. The Clerk may incorporate this Decision and Order

into the docket by reference.

Dated: March 10 , 2006

Andrew Mead
Justice, Maine Superior Court

6

CHRISALL VS MICHAEL E THIBODEAU
UTN:AOCSsr  -2005-0010049                    CASE #:BANSC-RE-2005-00008
-----------------------------------------------------------------------
CHRISALL                                              PL
ATTY BEAROR, EDMOND  Tel# (207) 947-4501
ATTY ADDR:84 HARLOW ST PO BOX 1401 BANGOR ME 04402-1401
ATTY PEASE, TIMOTHY A.   Tel# (207) 947-4501
ATTY ADDR:84 HARLOW ST PO BOX 1401 BANGOR ME 04402-1401

MICHAEL  E. THIBODEAU                                 DEF
ATTY BALDACCI, JOSEPH M.   Tel# (207) 945-3333
ATTY ADDR:6 STATE ST, SUITE 605 PO BOX 1423 BANGOR ME 04402-1423


M=More, Space = Exit:M

Select the EXIT KEY for page selection line.